UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEROY GARCIA HARLEY,

    Plaintiff,

v.                                                                              Case No. 8: 08-cv-1761-T-17MAP

STEVEN COOLEY, State Prosecutor,

    Defendant.

## O R D E R

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendant Cooley pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that the statute of limitations has run on Plaintiff's claim and that Defendant Steven Cooley is immune from prosecution.

In his complaint, Harley alleges that State Prosecutor Steven Cooley violated Harley's Fourteenth and Eighth Amendment rights to be free from cruel and unusual punishment "under the United States Constitution."

Harley alleges that on May 10, 1990, he was tried in the Circuit Court for the Twelfth Judicial Circuit, Manatee County, Florida and that the Defendant,

    State Prosecutor, Steven Cooley, misconduct [sic] by bifurcated trail [sic]

1

dening [sic] the Plaintiff due process, violates the equal protection clause of Fourteen Amendment and Eight Amendment, where State Prosecutor Steven Cooley corrolabrated [sic] upon the Plaintiff post convictions in the presence of the jury at the time the Plaintiff was on stand, which resorted [sic] in a conviction of 22 1/2 years in D.O.C.

Plaintiff seeks $300 million dollars in damages and release from false imprisonment.

## Discussion

Because Plaintiff's claims accrued in 1990, they are barred by the expiration of the statute of limitations. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

## Prosecutorial Immunity

Furthermore, Defendant Cooley is entitled to prosecutorial immunity. A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate, Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004), including "the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." Rivera, 359 F.3d at 1353 (internal citations omitted). See also Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of

his role as an advocate for the State").

Indeed, a prosecutor is absolutely immune to suits for money damages unless the acts or omissions giving rise to a defendant's claims are outside the "scope and territorial jurisdiction of his office." <u>Elder v. Athens-Clarke County, Ga.</u>, 54 F.3d 694, 695 (11th Cir. 1995). "[a]n allegation that the decision to prosecute was part of a conspiracy does not in any manner dilute immunity and a prosecutor is immune from such malicious prosecution claims." <u>Elder</u>, 54 F.3d at 695.

Defendant Cooley was a State Attorney in Manatee County in 1990. Although void of almost any facts which can drawn from the Complaint, it appears that Harley seeks to hold Defendant Cooley liable for actions undertaken in his role as a government advocate/prosecutor during Harley's trial. Harley has not alleged facts sufficient to overcome Defendant Cooley's prosecutorial immunity in this matter and dismissal with prejudice is proper.

Accordingly, the Court orders:

That Harley's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Harley, to terminate all motions, and to close this case.

ORDERED at Tampa, Florida, on September 15, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Leroy Harley